## HIRAM W. D. CROSS v. HOWARD W. HAYES.

Money placed in the hands of a third person by the vendor and purchaser of lands, under an agreement to pay out of it assessments and taxes subsisting against the lands as liens, cannot be recovered by the vendor upon his procuring the assessment to be set aside, such agreement held to be for the indemnity of the purchaser against liability to pay for the improvement.

On error to Essex Circuit.

The case was heard before the Essex Circuit, without a jury, upon the following statement of facts agreed upon, and judgment ordered for defendant:

On February 14th, 1882, the plaintiff conveyed a plot of land on Springfield avenue, in Newark, to Anthony Kuttruff, for $2000, by a deed of warranty with full covenants, which was left in escrow with the defendant to be put on record, on February 23d, 1882, or sooner, if the encumbrances should be paid off, in which case the balance of the purchase money

was to be given to the plaintiff; said deed was left for record by defendant with the register on February 23d, 1882.

When the deed was made the property was encumbered by a mortgage for $400, having four and one-half years to run, and with six months' interest unpaid; by two assessments, one of which was for grading, curbing and flagging, and the other for a sewer; and by the taxes for 1881. The assessments, with costs and interest, then amounted to about $900, the one since set aside being about $460; the taxes were $24.94. Of the purchase money, $500 was paid to the plaintiff at once, and $1500 deposited with the defendant, and the following receipt given by him to plaintiff:

"NEWARK, Feb. 14th, 1882.

"This is to certify that I hold in my hand, as an escrow, a deed from Hiram W. D. Cross and wife to Anton Kuttruff, said deed to be put on record February 23d, 1882, or before, if Cross gives his consent, or as soon as said Cross is paid the purchase money of said deed; also that I hold fifteen hundred dollars to pay all mortgages, taxes or assessments, or other liens on said property, when the amounts are ascertained, and said Cross certifies it to be correct in writing, and the remainder to be paid to said Cross on demand in writing. The property in said deed is known as Nos. 604, 606, 608 Springfield avenue, in the city of Newark   This receipt to be given up on the fulfilment of the trust herein expressed.

"Ten dollars to be retained by me for searches.

"$1500.                              HOWARD W. HAYES."

"Witness: G. W. HUBBELL."

"I agree to pay the above sum as agreed, to the order of H. W. D. Cross, or to any one bringing an order in writing from him.

"HOWARD W. HAYES."

Soon after, the defendant paid the taxes by the order of the plaintiff.

In June, 1882, the assessment for grading, curbing and flagging, was set aside by the Supreme Court, as unconstitutional and void, the same having been made by the city surveyor under section 109 of the charter of Newark. A verbal demand was then made by the plaintiff upon the defendant for the payment of the $460, as above; and defendant believing the property not subject to a re-assessment, promised to pay the same on the following morning, but, learning at the city hall that the city officers claimed that a new assessment could be made, he, on the next morning, declined to pay; whereupon the following written demand was made:

" *To Howard W. Hayes:*

" Take notice, that I hereby demand that you pay to me the sum of four hundred and fifty-one dollars and eleven cents, being the amount of money retained by you from the purchase money due me from the sale of my Springfield avenue property, pending the dismissal of the assessment known as 'The Springfield Avenue Grading, Curbing and Flagging Benefit Assessment,' which assessment has been vacated by the Supreme Court of this state, June Term, 1882, and removed from the records of the city of Newark, as a lien and encumbrance on said premises, and unless said sum is paid to me, or my attorney, Frank B. Allen, this day, I shall commence legal proceedings for the recovery of said money."

Argued at November Term, 1882, before BEASLEY, CHIEF JUSTICE, and Justices KNAPP and DIXON.

For the plaintiff, *F. B. Allen* and *F. H. Pilch.*

For the defendant, *H. W. Hayes.*

The opinion of the court was delivered by

KNAPP, J.    Error is assigned upon the refusal of the trial court, on request, to order judgment entered for the plaintiff. The principal question raised in the case is the proper con-

struction of an agreement growing out of a sale of lands conveyed by the plaintiff to one Anton Kuttruff. The agreement is set forth in the foregoing state of the case. The lots conveyed were at the time of the execution of the deed subject to the lien of a mortgage, unpaid taxes, and an assessment for benefits arising from the improvement of a street upon which the lands abutted. The assessment was laid under provisions of the charter of Newark, which were unconstitutional. The deed executed by the plaintiff, and subsequently delivered in pursuance of the agreement to Kuttruff, covenanted against all encumbrances and liens; but as an additional safeguard to the purchaser a part of the consideration money was by arrangement deposited in the hands of a third person—the defendant here and below—and the writing in question taken from him by the plaintiff. The mortgage and taxes were paid out of the deposit; the assessment was not paid, but under proceedings taken in this court by the plaintiff after delivery of the deed, it was set aside and annulled as to the lands conveyed to Kuttruff. The plaintiff demands by this suit to have paid to him so much of the deposit as represented the assessment claim against the property, on the ground mainly that the purposes of the deposit, under the agreement, are accomplished; contending that Kuttruff must himself meet and pay any subsequent levy on these lands for their share of benefits resulting from the public work.

The question presented is whether such is the force and effect of the written stipulation. Manifestly the controversy respects the rights of the plaintiff in error and Kuttruff; Hayes being a party for form merely. His duty in the premises was entirely subservient to the rights of the parties to the conveyance; so that payment to the plaintiff could be made only when not prejudicial to the rights of his grantee. The situation and relations of the parties to the deed alone call for consideration. The stipulation "to pay all mortgages, taxes or assessments, or other liens on said property" out of the deposited fund, read in the light of the circumstances under which the money came to defendant's hands, would seem to be

entirely clear. The parties were fully aware of the liability of the lands conveyed to bear a share of the cost of the work already done on the street, and knew that by a formal assessment proceeding, an amount had been ascertained, and that payment thereof being made would disburden the property from its charge, as well as any claim of the city against it for special benefits received from the work on the adjacent avenue. Although made under an invalid law, this assessment was such an adjustment of the public claim as would, if paid, have concluded the city in respect to these lands.

The stipulation, therefore, to pay this assessment, regardless of its legal defects, was one beneficial to the purchaser; to have performed it would have discharged the lands; now whatever benefit was secured to him through performances of the thing specifically stipulated to be done, he is entitled to the full measure of. Merely overturning the irregular assessment, leaving the lands liable to another for the same public due, to be borne by the purchaser, would manifestly be neither performance of the contract, nor its equivalent in fact or law. Such a turn of the arrangement would be entirely worthless to him, and it is improbable that he would have yielded assent to such a fruitless bargain. It assuredly was not his bargain, and does not secure the relief that the parties intended. Now it is not within the power of one contracting party without the assent of the other to alter the situation to the detriment of such other. Their arrangement was for the purchaser's indemnity; he paid the full price for the lands; to permit the plaintiff to recover because he was able to set aside the immediate assessment for any irregularity in proceeding, or for other cause however grave in its nature, which fell short of complete exoneration from the burden of paying for benefits of an improvement which then entered into and swelled the value of the property conveyed, would be denying to him the protection of his contract, and forcing him to pay for his lands a greater price than the parties had voluntarily agreed to purchase and sell for.

The lands still remain liable to assessment; such liability is

not dependent upon the corporate action of the municipal government, but springs from the construction of an authorized public work which confers a material special benefit upon lands; it arises when the work is performed, and the assessment proceeding is merely the determination of the amount which, within the limit of such imparted value, shall be returned to the public.

An unsuccessful attempt to levy this form of tax may be followed by a successful one that truly measures the burden which the lands are liable to bear. The agreement contemplated, and the parties treated of, the then existing assessment, but this cannot now be paid through the plaintiffs act.

Plaintiff, by the agreement, is entitled to the overplus, if any there be. Whether there will be or not, he, by his own act, has made it impossible now to ascertain, and his right of recovery to any part of the money must be postponed until by proper steps this fact is made susceptible of determination, or until in some way protection of the lands granted by him, against liability to pay for the street improvement then made, is fully assured.

But it is urged that the assessment in question having been imposed under provisions of law which are unconstitutional, was an absolute nullity and no assessment; therefore not within the terms or intent of the agreement. It was an assessment in form, and although made under statutory directions which were invalid, it was still an assessment within the words of the stipulation, and was the only one that rested upon the property. But assessments laid under such provisions of law are not treated as nullities under all circumstances; they are, until set aside, subsisting assessments binding on the municipality, and, as before appears, their payment will relieve the land-owner from further charge. *City of Elizabeth* v. *Hill*, 10 *Vroom* 555.

Payments made under such colorable proceeding cannot be recovered back, so long as they remain unreversed, although made under a law which is unconstitutional. *Davenport* v. *Elizabeth*, 12 *Vroom* 362; *Fuller* v. *Elizabeth*, 13 *Vroom* 427.

I discover no ground for a doubt that this was one of the charges against which provision was made. And the intention of the parties, as expressed in the writing, would signally miscarry if we should interpret their arrangement other than as one to secure complete indemnity to the purchaser from liability to cost or charge for the work then performed on the street. The defendant is entitled as against the plaintiff to retain the money in his hands until by its use, or in some other effectual mode, the property is put beyond the reach of this municipal claim.

The court below having so decided, there is no error in the judgment, and it must be affirmed, with costs.